IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROADHEAD, #224 802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-715-WKW |
| | ) | [WO] |
| OFFICER CENTRAVRIAD OLDS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ["Broadhead"], a frequent federal litigant, incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. Broadhead alleges that on December 27, 2014, correctional officers at the Donaldson Correctional Facility subjected him to excessive force. Specifically, Broadhead asserts that four correctional officers "beat and struck [him] with security sticks" 965 times resulting in his placement in a free world hospital (Cooper Green Hospital in Birmingham, Alabama,) for treatment of a broken arm, knocked out teeth, and placement of staples in his head. Broadhead further states there were threats on his life and he "was transferred for his safety as Plaintiff had fracture. . ." *Doc. No. 1* at 5. Broadhead seeks criminal prosecution of Defendants, declaratory relief, costs, and monetary damages for the alleged violation of his constitutional rights. *Id*. at 4, 6, 7.

**II. RELEVANT CASE HISTORY**[1]

---

[1] **This court may take judicial notice of its own records and the records of other federal courts.** *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

In June of 2011 Broadhead filed a civil action with this court in which he raised the exact same claims for relief, *i.e.*, struck by four correctional officers over 900 times, transferred to Cooper Green Hospital with "a broken arm in (3) places, and staples in the head, and (3) or (4) teeth was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area...." *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM  (M.D. Ala. 2012) - *Doc. No. 1* at 4.  In that case Broadhead stated the assault occurred at Kilby Correctional Facility on June 17, 2011 whereas in the instant complaint it appears the assault occurred at the Donaldson Correctional Facility.  Broadhead filed two other civil actions with this court in 2011 alleging substantially similar claims for relief with the only differences in each of these complaints being the date of the alleged incident and the individuals named as defendants. *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM  (M.D. Ala. 2012) (incident alleged to have occurred at Kilby on April 20, 2011); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM  (M.D. Ala. 2012) (incident alleged to have occurred on March 13, 2010 at Kilby).  In 2014 Broadhead filed seven civil actions raising substantially similar claims for relief but again identifying different defendants and facilities where the alleged assault occurred. *Broadhead v. Babers, et al.*, Case No. 2:14-CV-49-WHA-TFM  (M.D. Ala. 2014), *Broadhead v. Babers, et al.*, Case No. 2:14-CV-210-MEF-TFM  (M.D. Ala. 2014) (incident alleged to have occurred during a prior stint of confinement at Bullock); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-367-MEF-TFM  (M.D. Ala. 2014), and *Broadhead v. Olds, et al.*, Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014) (incident alleged to have occurred in 2013 at Donaldson); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-641-MHT-TFM (M.D. Ala. 2014) (incident alleged to have occurred on April 18, 2014, at Donaldson); *Broadhead v. Rodgers, et al.*, Case No. 2:14-CV-676-MHT-TFM (M.D.

Ala. 2014) (incident alleged to have occurred on April 18, 2014, and June 20, 2014 at Donaldson); and *Broadhead v. Miree, et al.*, Case No. 2:14-CV-677-MHT (M.D. Ala. 2014) (incident occurred on June 20, 2014, at Donaldson).

A review of district court records for this court and the other federal courts of this state indicate Broadhead has filed numerous cases alleging a similar claim of excessive force and asserting injuries identical to those set forth in this complaint.[2] Although the cases differ in various details, *i.e.*, the location of the incident, the four correctional officers involved, and/or the number of times Broadhead was struck with security sticks, the underlying allegation regarding the extent and nature of the force used remains constant.  Despite Broadhead's attestations in his various complaints that the incidents occurred on numerous separate occasions from approximately September of 2008 until 2014, his description of the injuries he allegedly suffered is the same-an arm broken in three places, staples in his head, three or four teeth knocked out, and fractures to his feet and ankle areas-as is his contention that on each occasion he was transported to Cooper Green Hospital for treatment of these injuries.

---

[2] *See Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala.); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala.); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala.); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala.); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala.); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala.); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala.); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala.); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1028-AKK-RRA (N.D. Ala.); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala.); *Broadhead v. McKay, et al.*, Case No. 4:10-CV-751-RRA (N.D. Ala.); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala.); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala.); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala.); *Broadhead v. Brown, et al.*, Case No. 4:10-CV-350-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala.); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D. Ala.); *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala.); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala.); *Broadhead v. Michael, et al.*, Case No. 4:09-CV-2473-VEH-RRA (N.D. Ala.); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala.); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala.); and *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala.).

### III.  DISCUSSION

Upon initiating this case Broadhead applied for leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(g), however, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." An inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Broadhead are:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous; (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the present complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging the same factual basis for relief, the court finds Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as required to meet the exception allowing circumvention of the

directives in 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon initiation of this case.  *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (*Doc. No. 2*) be DENIED; and

2.   This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is

ORDERED that Plaintiff's motion for appointment of counsel (*Doc. No. 1*) is DENIED.

It is further

ORDERED that **on or before November 10, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of October 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE